Matthew T. Christensen, ISB: 7213
Branden M. Huckstep, ISB: 10679
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-1157
Email:  mtc@angstman.com
        bmh@angstman.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY EVANS, an individual,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JAMES HEPWORTH, an individual; MICHELA SWARTHOUT, an individual; SWARTHEP, LLC, a Wyoming limited liability company; HZ GLOBAL, LLC, a Wyoming limited liability company; LUXE IMPORTS, LLC, an Idaho limited liability company; LUXE IMPORTS, LLC, a Montana limited liability company; WANTHUB, INC., a Delaware corporation; TREASURE VALLEY POWDER COATING, LLC, an Idaho limited liability company; MCWORTH PROPERTIES, LLC, a Wyoming limited liability company; YUANCELA, LLC, a Wyoming limited liability company; and DOES 1-10.<br><br>　　　　　Defendants. | Case No. 1:19-cv-00380-DCN<br><br><br><br>PLAINTIFF'S BRIEF IN OPPOSITION TO DISMISSAL OR STAY OF FEDERAL PROCEEDINGS |

Amy Evans ("Plaintiff"), by and through her counsel of record ANGSTMAN JOHNSON respectfully submits this Brief in Opposition to Dismissal or Stay ("Brief") of the Federal Case No. 1:19-cv-00380-REB pursuant to this Court's Order requesting briefing on, "whether the Court should dismiss or stay this case in light of ongoing proceedings in Idaho State Court, Ada County Case No. CV-DW-15-5437, *Amy Hepworth v. James Hepworth*, " entered on December 9, 2019, Document Number 31.

## I.　INTRODUCTION

This Court is evaluating the propriety of continuing the above-captioned federal court case (the "RICO Case") while an Idaho state divorce case (the "Divorce Case") remains pending. The Divorce Case and this RICO Case involve substantially different parties, facts, and legal claims. This RICO Case does not depend on any finding of fact or legal claims yet to be decided in the Divorce Case. Accordingly, Plaintiff requests that this court not stay or dismiss this federal case.

## II.　FACTS AND NATURE OF THE CASE

The Plaintiff, Amy Evans ("Evans") and Defendant James Hepworth ("Hepworth") were previously husband and wife. Evans and Hepworth were divorced by Judgment entered October 29, 2015, in Ada County Case No. CV DW 2015-5437 (the "Divorce Case").

During their marriage, Evans and Hepworth purchased shares in an entity known as "Redtop Holdings Limited" (hereinafter "Redtop"). The Divorce Judgment specifically awarded Hepworth and Evans each one-half (1/2) of the "Redtop Shares".

On or about November 1, 2017, Hepworth received an Individual Allocation Letter from Redtop, detailing the liquidation and payout of the Redtop Shares. Based on the Individual Allocation Letter, Hepworth was to receive One Million Three Hundred Fifty-Six Thousand, Four Hundred Forty-Eight pounds and eighteen pence (£1,356,448.18 – the "Initial Payment"). An

additional Fifty-one Thousand, One Hundred Twenty-Eight pounds and ninety pence (£51,128.90) was held in escrow and paid at a later date.  Hepworth received the Initial Payment funds on or about November 7, 2017.  Notwithstanding the previous court judgment, Hepworth failed to notify Evans of the existence or details of the Redtop payment nor was Evans paid her one-half (1/2) of the proceeds.

Evans did not become aware of the details surrounding the Initial Payment until April 2019. By that time, Hepworth and the remaining Defendants named in this case had nearly exhausted the Redtop proceeds through a myriad of transfers and other lavish spending, as outlined in the Complaint in this matter.  The allegations contained in the Complaint is incorporated here by reference.

On or about April 11, 2019, after learning that Hepworth had received the proceeds from the sale of the Redtop shares, Evans filed a Petition to Enforce Judgment of Divorce in the State Divorce Case. On July 29, 2019, a money judgment was entered against Hepworth in favor of Evans in the amount of $897,833.05 for Evans' portion of the Initial Payment. Evans continues to pursue a supplemental money judgment against Hepworth in the Divorce Case for the amount of the subsequent payment from Redtop, accrued interest and attorney fees.

Evans has all but exhausted Hepworth's available assets in obtaining the judgment amount through the legal remedies at her disposal in the Divorce Case.  Notably, however, due to the actions described in the Complaint in this matter, Evans has not recovered <u>any</u> of the funds paid by Redtop in November 2017.  Based on the repeated pattern of fraud and deceit, on or about October 1, 2019, Evans filed the Complaint in this case.

## III. ARGUMENT

### A. The Divorce Case and The RICO Case Are Distinct Matters Involving Different Parties and Unrelated Claims.

This newest issue in the Divorce Case was a result of Hepworth's violation of the divorce decree and order entered therein. The claims for enforcement of the divorce decree resulted in a money judgment against Hepworth in the Divorce Case, with interest thereon and attorney fees left to be determined.

Unlike the Divorce Case, the RICO Case raises issues under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.S. § 1961 et seq., in addition to Idaho state racketeering and fraudulent transfer claims, against new and differing Defendants; i.e. Swarthout (Hepworth's past or present girlfriend), and the entities named in the above entitled action.

Evans is not requesting this Court to pursue a parallel case to the Divorce Case. The establishment of Hepworth's liability and collectability of the judgment against Hepworth in the Divorce Case are nearly resolved, with almost all efforts to collect the amount owed on the judgment from James Hepworth exhausted. On the other hand, the claims in the RICO Case are separate and distinct from the money judgment entered against Hepworth. The claims in the RICO Case stem from Hepworth and Swarthout's repeated attempts to defraud Evans (with the assistance of the remaining entity Defendants). Similarly, the claims leading to the judgment against Hepworth in the Divorce Case stem from the simple fact that he failed to provide Evans her portion of the Initial Payment. On the other hand, the claims in the RICO Case stem from Hepworth, Swarthout and the entity Defendants actions after Hepworth transferred all of the Initial Payment

to Swarthep, LLC.  In other words, the Divorce Case judgment stems from actions prior to Hepworth's transfer of all of the funds to Swarthep – while the claims in the RICO Case stem from the actions after Hepworth transferred all funds to Swarthep.  Hepworth is, of course, a common defendant in both cases, as the judgment in the Divorce Case was entered against him and he was an integral participant in the actions forming the basis of the racketeering and fraudulent transfer claims.

Therefore, the Court should not stay or dismiss the RICO Case based on the Divorce Case being determinative of the outcome in this case – other than by establishing the total indebtedness owed by Hepworth.  Further, the outcome of the RICO Case will not be determinative of any issue being pursued in the Divorce Case.   Since the Divorce Case judgment is uncollected, and has not been appealed, the RICO claims are not premature.

### B. This Court's Exercise of its Federal Jurisdiction Over the RICO Case is Proper.

The Court has asked "whether the Court should dismiss or stay this case in light of ongoing proceedings in Ada County District Court Case No. CV-DW-2015-1147."  This raises the question of whether this Court should abstain from hearing the RICO Case.  Because the Divorce Case and the RICO Case involve different parties and different issues, staying or dismissing the RICO Case just because the Divorce Case is pending is not appropriate.  However, even if the relevant abstention analysis were necessary, there is an absence of exceptional circumstances to warrant exercising abstention power to stay or dismiss the RICO Case.

### 1. Abstention Generally.

Generally, federal courts have an obligation to exercise their federal jurisdiction. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) *citing Colorado River Water*

*Conservation District v. United States*, 424 U.S. 800, 817 (1976). The Supreme Court has noted that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Moses H. Cone Mem'l Hosp.*, 460 at 14 *citing Colorado River Water Conservation District* ("*Colorado River*"), 424 U.S. at 813. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River Water Conservation District*, 424 at 813; *Moses H. Cone-Mem'l Hosp.*, 460 U.S. at 14.

The United State Supreme Court has established several abstention doctrines that must and/or may apply in various circumstances, most of which are not applicable here. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350 (1989) (analyzing multiple abstention doctrines, including the *Younger* doctrine); *Colorado River,* 424 U.S. at 813-17 (analysis multiple abstention doctrines and when they are applicable). In cases of a district court's possible abstention, its discretion (if any) is required to be "exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1136 (D. Idaho 2014) *citing Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1367 (9th Cir. 1990). Generally, the applicability of a given abstention doctrine depends on the nature of the case brought in the federal and state courts including, (1) unclear state law issues involving constitutional questions;[1] (2) unclear state law issues involving diversity jurisdiction;[2] (3) state administrative law;[3] (4) avoiding interference with pending state proceedings (i.e. enjoining state cases concerning criminal prosecution, civil enforcement, or a civil case that

---

[1] *Pullman* Abstention. *See Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941).
[2] *Thibodaux* Abstention. *See Louisiana Power and Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959).
[3] *Burford* Abstention. *See Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

implicates significant state interests);[4] (5) reviewing state court decisions;[5] and (6) duplicate litigation in a state parallel proceeding.[6]

In this case, the first five abstention doctrines do not apply because neither the Divorce Case nor the RICO Case involve these issues.  First, the nature of the RICO case does not involve questions of unclear state law or administrative law, nor does it present a constitutional question related to a state law.  Rather the RICO Case is premised on a judgment entered in the Divorce Case that was not appealed.  There are no issues involving unclear state laws.  Second, the RICO Case does not seek, nor has a party sought, to enjoin the pending Divorce Case, nor does the RICO Case involve declaratory action, or is otherwise related to government action.  Third, the RICO Case is pursuing a federal law remedy and does not involve a review of the proceedings from the Divorce Case.  Accordingly, the first five abstention doctrines identified above do not apply to the RICO Case.  The remaining abstention issue, whether the Divorce Case and the RICO Case create the potential for duplication of litigation, deserves further discussion.

>   2.     **Abstention Pending Resolution of State Case.**

There are recognized principles which govern in situations involving the contemporaneous exercise of concurrent jurisdictions by state and federal courts.  These principles may rest on considerations of "[wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952); *see Moses H. Cone Mem'l Hosp.*, 460 at 15 *quoting*

---

[4] *Younger* Abstention.  *See Younger v. Harris*, 401 U.S.37 (1971) (considering propriety of federal courts enjoining state criminal proceedings); *see also New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364-70 (1989) (analyzing the *Younger* Doctrine and its limited applicability to various matters, including civil litigation).
[5] *Rooker-Feldman*, 263 US 413 (1923); *see also Exxon Mobil Crop v. Saudi Basic Industries Corp.*, 544 US 280, 284 (2005) (holding that *Rooker-Feldman* Doctrine limited to preventing federal courts from reviewing completed state court proceedings.
[6] *Colorado River* Factors.  See *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

*Colorado River Water Conservation District*, 424 at 817; *Columbia Plaza Corp. v. Security National Bank*, 173 U.S. App. D.C. 403, 525 F. 2d 620 (1975).

Although there are instances where a federal court might abstain to avoid duplicative litigation with a state proceeding, there is no general rule compelling abstention in such cases. *See Colorado River*, 424 U.S. at 813-14 (stating "it was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it."). Rather the Supreme Court has routinely held that the pendency of a state court action is not a bar to proceedings concerning the same matter in the Federal court. *Moses H. Cone Mem'l Hosp.*, 460 at 15; *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662-63, 98 S. Ct. 2552, 2557 (1978); *McClellan v. Carland*, 217 U.S. 268, 282 (1910). To the contrary, federal district courts are obligated to exercise federal jurisdiction except where there exist truly exceptional circumstances permitting such abstention. *See Colo. River Water Conservation Dist.*, 424 U.S. at 818-19 (holding that federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them); *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 19 (reaffirming *Colorado River*); *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1137 (D. Idaho 2014) (analyzing stay and dismissal standards including *Colorado* River to determine whether abstention was appropriate in district court actions).

The United States Supreme Court has identified instances where courts might abstain to avoid duplicative litigation in instances where state and federal court are confronted with the same lawsuit. As recognized by courts within the Ninth Circuit, including the District of Idaho, there are two standards that <u>may</u> apply when a district court is determining whether to abstain from hearing federal case. *See Stoltz*, 60 F. Supp. 3d at 1136 (analyzing *Landis*[7] or *Colorado River*

---

[7] *Landis v. North American Co.*, 299 U.S. 248 (1936).

standards to determine whether to stay federal proceedings pending resolution of a state case). However, courts have determined that, when considering a stay or dismissal of a federal case, the applicable standard depends on whether there is a parallel state proceeding or federal proceeding. *Martin v. Minuteman Press Int'l, Inc.*, No. 2:16-cv-00833-KJM-CMK, 2016 U.S. Dist. LEXIS 116733 (E.D. Cal. Aug. 29, 2016); (analyzing applicability of *Landis* and *Colorado River*[8] and relying on *Colorado River* to hold that the *Colorado River* applies to staying state proceedings whereas the *Landis* applies to concurrent federal cases); *see e.g. Stoltz*, 60 F. Supp. 1132-36. Although state courts generally have concurrent jurisdiction over civil RICO claims, when federal law (i.e. RICO claims brought under 18 U.S.C. § 1961 et seq.) prevails, absent other similar state proceedings, federal courts should exercise their jurisdiction over those claims. *See Tafflin v. Levitt*, 493 U.S. 455, 467, 110 S. Ct. 792, 799 (1990). Before examining the *Colorado River* Factors, federal courts must first determine whether the state and federal proceedings are parallel. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 282 (3d Cir. 2017); *Fox v. Maulding*, 16 F.3d 1079, 1081 (10th Cir. 1994).

In this case, the Court is considering whether to stay the RICO Case because the Divorce Case is pending. Under the case law, the correct standard to be applied is based on the nature of the concurrent cases (if any). The Divorce Case is a state proceeding and is not a concurrent federal court case. Accordingly, the correct standard to apply in determining whether the Court should abstain from hearing the RICO Case would be *Colorado River*.

### 3. **Parallel State Proceedings.**

The RICO Case and the Divorce Case are not parallel proceedings and there exists no exception circumstances to justify staying or dismissing the RICO Case just because the Divorce

---

[8] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

Case is pending. "A decision to refrain from hearing a case under *Colorado River* represents a complete abdication of 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Stoltz*, 60 F. Supp. at 1137 *citing Colorado River*, 424 U.S. at 817. "[It is] only where the parallel state case will dispose of 'all or an essential part of the federal suit' that a stay is appropriate." *Stoltz*, 60 F. Supp. at 1137 *citing Moses H. Cone Mem'l Hosp*, 460 U.S. 1, 10 n.11. Thus, the federal court's ability to abstain from hearing a case typically arises when both State and federal courts are faced with the same lawsuit i.e. the same parties and issues. *See Stoltz*, 60 F. Supp. at 1138 (recognizing that parallel proceedings are required under *Colorado River* and noting the involvement of the same parties and claims). The Third Circuit provided guidance on what constitutes a "parallel state proceeding":

> A parallel state proceeding is a pending matter "involving the *same parties* and presenting [the] opportunity for ventilation of the *same state law issues*." *Wilton*, 515 U.S. at 283; *see also State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000) (describing a parallel proceeding as one in which "the same issues are pending"). *Germane factors include the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be joined. See Brillhart*, 316 U.S. at 495; *see also Md. Cas. Co. v. Consumers Fin. Serv., Inc., of Pa.*, 101 F.2d 514, 515 (3d Cir. 1938) (explaining that a court may abstain from issuing a declaratory judgment that is "being sought merely to determine issues involved in cases already pending," but not "if the controversy between the parties will not necessarily be determined in" that pending action). Such analysis contemplates comparing the state and federal action as they contemporaneously exist, not as they might eventually be.

*Kelly*, 868 at 284 (emphasis added); *See also Fox*, 16 F.3d at 1081 (noting that proceedings are parallel if substantially the same parties are litigating substantially the same issues in different forums). Although exact parallelism is not required, substantial similarity of the claims at issue in the federal and state case is necessary before abstention is an option. *Chateau Sch. v. Green Mt. Assocs.*, No. 18-00030 LEK-KSC, 2019 U.S. Dist. LEXIS 26013, at *20 (D. Haw. Feb. 19, 2019) *quoting Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).

In this case, as noted in section A above, the RICO Case and Divorce Case are distinct matters. The Divorce Case involves enforcement of the divorce decree and a money judgment entered against Hepworth as part of that enforcement. That judgement has been entered and was not appealed. The RICO Case derives out of federal law (and related Idaho state law) and relates to Hepworth's and Swarthout's fraud and deception in transferring and hiding the assets which stemmed from the Initial Payment. The validity of the Divorce Case judgment is not at issue in the RICO Case. Any defenses that the entity Defendants in the RICO Case could raise are not the same defenses Hepworth may assert in the Divorce Case. Joinder of the entity Defendants in the Divorce Case would not be appropriate as the case involved enforcement of obligations owed by Hepworth. Moreover, other than establishing the total liability owed by Hepworth, the remaining issues in the Divorce Case do not affect or inform the RICO Case. Because there is little commonality between the parties, claims, and areas of law between the Divorce Case and RICO Case, the RICO Case does not involve a parallel state proceeding. Accordingly, further analysis under *Colorado River* should be unnecessary.

4.   *Colorado River* **Analysis.**

Nevertheless, and only to the extent that the Court determines that there is a sufficient nexus between the RICO Case and Divorce Case, the required analysis under *Colorado River* demonstrates that exceptional circumstances justifying abstention do not exist here. *Colorado River* and its progeny set forth a multi-pronged test for determining whether "exceptional circumstances" exist warranting federal abstention from concurrent federal and state proceedings. Courts should evaluate eight factors in assessing the appropriateness of a *Colorado River* stay or dismissal:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Seneca Ins. Co. v. Strange Land, Inc.,* 862 F.3d 835, 841-42 (9th Cir. 2017) *citing R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).

The *Colorado River* factors are not a "mechanical checklist" and may not have any applicability to a particular case. *Moses H. Cone-Mem'l Hosp.*, 460 U.S. at 16; *Seneca Ins. Co.*, 862 F. 3d at 842. Rather, those factors should be examined and balanced in "a pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* at 21; *Seneca Ins. Co.*, 862 F. 3d at 842. There is a strong presumption against federal abstention and the balance should be heavily weighted in favor of the exercise of jurisdiction. *Seneca Ins. Co.*, 862 F. 3d at 842. The Supreme Court has instructed that the federal court's task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone-Mem'l Hosp.*, 460 U.S. at 25-26 . If there be any doubt as to the existence of a factor, it is to be resolved against a stay rather than in favor of one. *Seneca Ins. Co.*, 862 F. 3d at 842 *citing Travelers Indem. Co. v. Madonna*, 914 F.2d at 1369.

In this case, application and balancing of the *Colorado River* factors do not overcome the strong presumption against abstaining as this case and does constitute an exceptional circumstance. The *Colorado River* factors, in turn, and applied as follows.

### i. *Jurisdiction over Property*.

This factor may be inapplicable to this case as real property is not at issue. To the extent personal property is at issue, the Court would have authority to issue an order requiring he return of personal property, or entry of judgment for the value of the personal property.

### ii. *Convenience of the Federal Forum.*

"The mere existence of a case on the state docket in no way… imposes a burden on the defendant which would justify abstention." *Travelers* 914 F.2d at 1370. Evans resided in Idaho. Until recently Defendants Hepworth, Swarthout and some of the RICO Case entity Defendants were also domiciled or had principal places of business in Idaho. (At present, Hepworth asserts he is a resident of the state of Idaho.) It was not until most recently that Wyoming has become of the domicile or principal place of business for certain Defendants. With these issues of multi state domiciles, the federal forum is best suited to address all parties involved. Lastly, the mere existence of the Divorce Case while the RICO Case proceeds should not justify a burden on Defendant Hepworth that would justify abstention.

### iii. *Avoiding Piecemeal Litigation*

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Travelers*, 914 F.2d at 1369. The Ninth Circuit has provided the guiding principle in addressing this factor as follows:

> "Although [granting a stay] to avoid concurrent, duplicative litigation is available in some very limited circumstances—in particular, when the requested relief in federal court is a declaratory judgment—the general rule remains that . . . '[e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res judicata and collateral estoppel by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case.'

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151-52 (9th Cir. 2007).

The RICO Case and the Divorce Case are completely different actions; involving different parties, and different claims. As the parties and claims are different, there is no issue of piecemeal litigation. Even if there are similarities between the two actions that could result in piecemeal litigation, the "mere possibility of piecemeal litigation does not constitute an exceptional circumstance [under the *Colorado River* doctrine]." *R.R. Street & Co.*, 656 F.3d at 979. Because the RICO Case involves federal claims, the federal court should exercise jurisdiction. *See Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989); *but see Id*. (noting that state and federal courts may resolve RICO claims based on concurrent jurisdiction when other related states proceedings are pending.). Therefore, this factor weighs against granting a stay.

### iv. *Order in which the Forums Obtained Jurisdiction*

"Priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Travelers Indem. Co.*, 914 F.2d at 1370. While the Divorce Case was reopened to enforce the judgment and decree of divorce in April 2019, the issues and claims related to the enforcement of Evans' interest in the Initial Payment (and interest and attorney fees and the subsequent escrow payment) are all but resolved through the award of a money judgment. None of the claims in the RICO Case arise out of the Divorce Case; hence the RICO Case was brought in federal court with federal claims. Thus, this factor is not at issue in this case.

### v. *Controlling Law*

As federal law and federal questions issues have been raised in the RICO Case, this would weigh against surrender of jurisdiction. *See Moses H. Cone*, 460 U.S. at 26. The controlling law on the issues raised in the RICO Case with arise from either federal RICO statutes and/or Idaho

state racketeering and fraudulent transfer laws. None of these substantive laws are at issue in the Divorce Case. This factor also weighs against abstaining or staying the RICO Case.

      vi.    *Adequacy of State Court*

The Ninth Circuit has said that "[t]his factor involves the state court's adequacy to protect federal rights, not the federal court's adequacy to protect state rights." *Travelers Indem. Co.*, 914 F.2d at 1370. As this case directly involves federal rights and federal questions, under RICO, and because the state court is not involved in any federal rights, this factor also weighs against abstaining or staying proceedings.

      vii.    *Forum Shopping*

The Ninth Circuit has held that "forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of federal court rules." *Id.* at 1371. There are no allegations of forum shopping in this matter. As the RICO Case involves federal issues, law, and questions, it was appropriate for Plaintiff to bring these claims in federal court. There has been no adverse ruling by the state court on any issues raised in the RICO Case. This factor would not apply here as no forum shopping has been alleged or actually occurred.

      viii.    *Whether the State Court Proceedings Will Resolve all Issues before the Federal Court.*

As discussed above, the issues and claims raised in this RICO Case are completely different from those raised in the Divorce Case. The claims forming the basis of the RICO Case do not stem from issues or claims raised in the Divorce Case. The court in the Divorce Case has not been asked to resolve any of the issues involved in the RICO Case. Accordingly, this factor appears to also weigh in favor of not abstaining or staying the RICO Case.

### ix.   *Presence of a Federal Question.*

Subsequent the *Colorado River*, the Supreme Court in *Moses H. Cone* recognized that involvement of a federal question is another important factor to be considered. *Id.* 460 U.S. at 26. The Court considered the "presence of federal-law issues must always be a major consideration weighing against surrender." *Id.* The RICO case is based on federal law and raises federal questions regarding the applicability and enforcement of the RICO statute. Accordingly, this factor weighs against a stay and this court surrendering jurisdiction.

Nearly every applicable factor all weigh against abstaining or staying the RICO Case. The remaining factors do not apply in this case. Under these circumstances, after balancing and weighing all of the applicable factors, this court should heed the Supreme Court's caution that a court should dismiss or stay an action only in exceptional circumstances. As no exceptional circumstances exists here, the Court should not find justification for abstention or staying the RICO Case.

### 5. *Landis* **Analysis.**

Although Plaintiff argues that the *Landis* doctrine does not apply in this circumstance, to the extent the Court considers *Landis*, the exercise of such discretionary power to stay the RICO Case is inappropriate. Like *Colorado River*, *Landis* allows federal courts to stay a case out of concern for judicial administration. *Colorado River*, 424 U.S. at 818; *Landis*, 299 U.S. at 254. The two doctrines are not interchangeable. *Stoltz*, 60 F. Supp. at 1136-37; *see Martin*, 2016 U.S. Lexis 116733 at *4. In the typical *Landis* stay case, a federal court postpones resolution of the case pending resolution of *some related* proceeding. *Stoltz*, 60 F. Supp. at 1136-37. However, the related proceeding typically serves only to narrow the factual or legal issues for the later federal court case. *Id.* In *Landis*, for example, the Court considered the propriety of a stay to allow the

attorney general to litigate in a separate test case the constitutionality of an S.E.C. regulation. *Id. citing Landis*, 299 U.S at 250-51.

Here, neither the Divorce Case nor the RICO Case constitutes concurrent federal proceedings. *See Martin*. As these cases are not concurrent federal proceedings, *Landis* should not apply. Additionally, the RICO claims before this Court are not dependent on any further action or findings by the state court in the Divorce Case that will narrow any factual or legal issues before this Court. The claims by Plaintiff in the Divorce Case were largely resolved by the court entering the money judgment. No further actions in the Divorce Case will address or narrow, any factual or legal issues under the RICO claims asserted in the RICO Case. Therefore, the *Landis* doctrine does not apply, and a stay should not be imposed.

/

/

/

/

/

/

/

/

/

/

/

/

## IV. CONCLUSION

For the above-mentioned reasons, this Court should exercise its jurisdiction over the RICO Case even though the Divorce Case remains pending.  The Divorce Case and the RICO Case are separate and distinct actions involving different parties determining substantially different legal issues.  There are no findings or holdings from the Divorce Case on which the RICO Case turns or otherwise relies (other than the Hepworth's judgment liability).  Because there is no parallel of the state and federal proceedings, a stay is not warranted.  Further, no "exceptional circumstances" exist that would justify an abstention or stay by this Court.  Accordingly, Evans respectfully request that this Court decline to stay or dismiss the RICO Case, and continue with a decision on her requested Temporary Restraining Order and Preliminary Injunction before assets get transferred even further than they already have.

DATED this 17th day of December, 2019.

                                       /s/ Matt Christensen
                                       MATTHEW T. CHRISTENSEN
                                       Attorney for Plaintiff Amy Evans

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 17th day of December, 2019, I filed the foregoing BRIEF IN OPPOSITION TO DISMISSAL OR STAY OF FEDERAL PROCEEDINGS electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| Branden M. Huckstep | bmh@angstman.com |
| Brent O. Roche | brent@racineolson.com |
| Kevin Eugene Dinius | kdinius@diniuslaw.com |
| Matthew L. Walters | mlw@elamburke.com |
| Nathan R. Palmer | nathan@racineolson.com |
| Sarah Louise Hallock-Jayne | shallockjayne@diniuslaw.com |
| Thomas John Lloyd , III | tjl@elamburke.com |

Any others as listed on the Court's ECF Notice.

                                          /s/
                                    Matthew T. Christensen