Matthew L. Walters, ISB #6599
mlw@elamburke.com
Thomas J. Lloyd III, ISB #7772
tjl@elamburke.com
Elam & Burke, P.A.
251 E. Front Street, Suite 300
Post Office Box 1539
Boise, ID 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844

Attorneys for Defendant James Hepworth

UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY EVANS, an individual,<br><br>          Plaintiff,<br><br>   vs.<br><br>JAMES HEPWORTH, an individual;<br>MICHELA SWARTHOUT, an individual;<br>SWARTHEP, LLC, a Wyoming limited<br>Liability company; HZ GLOBAL, LLC, a<br>Wyoming limited liability company; LUXE<br>IMPORTS, LLC, an Idaho limited liability<br>company; LUXE IMPORTS, LLC, a Montana<br>limited liability company; WANTHUB, INC.,<br>a Delaware corporation; TREASURE<br>VALLEY POWDER COATING, LLC, an<br>Idaho limited liability company; MCWORTH<br>PROPERTIES, LLC, a Wyoming limited<br>liability company; YUANCELA, LLC, a<br>Wyoming limited liability company; CLOUD<br>PEAK LAW GROUP, P.C., a Wyoming<br>professional corporation; and DOES 1-10,<br><br>          Defendants. | Case No. 1:19-cv-00380-REB<br><br>MEMORANDUM IN SUPPORT OF<br>DEFENDANT JAMES HEPWORTH'S<br>MOTION TO DISMISS OR, IN THE<br>ALTERNATIVE, TO STAY ACTION |

COMES NOW Defendant James Hepworth ("Hepworth"), by and through his attorneys of record, Elam & Burke, P.A., and hereby submits this response to this Court's December 9, 2019 Docket Entry Order [Dkt. 31] requiring that Defendant James Hepworth and Plaintiff Amy Evans "brief whether the Court should dismiss or stay this case in light of ongoing proceedings in Idaho State Court." This Memorandum also serves as Hepworth's Memorandum in support of his Motion to Dismiss or, in the Alternative, to Stay Action, filed December 16, 2019. For the reasons and on the authority set forth herein, Hepworth respectfully requests that the Court either dismiss or stay this action until the final outcome of the ongoing divorce proceedings currently pending in the Fourth Judicial District of the State of Idaho.

## I.  INTRODUCTION

As the Court is already aware, this action is a parallel action to ongoing litigation between Plaintiff Amy Evans ("Plaintiff" or "Evans") and Defendant James Hepworth, arising from a divorce, division of marital assets, and child custody. As is evident from Plaintiff's Complaint in this action, the subject matter of this proceeding has its foundation entirely in that divorce proceeding, which is ongoing and yet-unresolved. As such, Defendant Hepworth respectfully requests that this Court either dismiss or stay this action pending resolution of the parallel proceeding currently pending in the Fourth Judicial District of the State of Idaho, Ada County Case No. CV DW 2015-05437, pursuant to Federal Rule of Civil Procedure 12(b)(1), the abstention doctrine created by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and its progeny, and/or the doctrine created by *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and its progeny.

In response to this Court's Order for briefing on the issue of "whether the Court should dismiss or stay this case in light of ongoing proceedings in Idaho State Court" (Dkt. 31), Plaintiff

filed its opening brief on December 17, 2019 [Dkt. 35], arguing that "the claims in the [federal] RICO Case are separate and distinct from the money judgment entered against Hepworth." (Dkt. 35, p. 4.) In support of her attempted distinction, Plaintiff elaborates:

> The Divorce Case involves enforcement of the divorce decree and a money judgment entered against Hepworth as part of that enforcement. . . . The RICO Case derives out of federal law (and related Idaho state law) and relates to Hepworth and Swarthout's fraud and deception in transferring and hiding assets which stemmed from the Initial Payment. The validity of the Divorce Case judgment is not at issue in the RICO Case.

(Dkt. 35, p. 11.) In so arguing, Plaintiff fails to recognize that the material underlying issues that give rise to the current proceedings in the Divorce Case and to this proceeding are identical – the underlying divorce decree between Evans and Hepworth. Indeed, Plaintiff's attempt to avoid or ignore this fact tellingly goes too far: In *neither* case is "[t]he validity of the Divorce Case judgement . . . at issue . . . ." Rather, both cases are best characterized as efforts by the Plaintiff to recover sums that she claims are due and owing as a result of the parties' divorce decree. (*See* Dkt. 35, p. 5 (admitting that the entire basis of this case is dependent upon the Divorce Case "establishing the total indebtedness owed by Hepworth").) The fact that Plaintiff attempts to draw a distinction about the divorce decree's validity, when such an issue does not exist in actuality in either case, is evidence that Plaintiff's differentiation between the two parallel proceedings is contrived.

Through creative pleading, Plaintiff has herein attempted to avoid acknowledging that this proceeding is nothing more than an attempt to enforce a divorce decree in federal court while her Petition to enforce that same judgment is already currently pending in the parallel state court proceeding. Although Plaintiff has imaginatively crafted alternate causes of action to prematurely pursue in federal court against Hepworth and others alleged to be in acting in concert with Hepworth, the basis of the proceeding is the same: Plaintiff herein seeks to enforce the Divorce

Decree that she is simultaneously attempting to enforce in state court. Such conduct should not be condoned by this Court and, as set forth in this Memorandum, is inappropriate under several applicable legal principles.

## II.  BACKGROUND

The following facts are reiterated from Plaintiff's *Verified Complaint and Demand for Jury Trial* (Dkt 1) ("Complaint") solely for purposes of this motion and are not admissions as to any statements or claims therein. Plaintiff and Defendant James Hepworth ("Hepworth") were divorced on October 29, 2015 by Judgment in Ada County Case No. CV DW 2015-05437. (Complaint, ¶ 18). The Divorce Judgment awarded Plaintiff one-half of the C Ordinary Shares and one-half of the D Purchase Shares in an entity known as "Redtop Holdings Limited" purchased during Plaintiff and Hepworth's marriage. (Complaint, ¶¶ 19-20.)  Incorporated into that Judgment is an "Agreement Regarding C and D Purchase Shares of Redtop Holdings Limited Company," ("Agreement") by which Hepworth agreed to "hold in trust to [Plaintiff's] benefit her one-half (1/2) of the C Ordinary Shares and her one-half (1/2) of the D Purchase Shares awarded to her." (Complaint, ¶ 21, Exh. 1.) The Agreement also provided, among other things, that Hepworth would give Plaintiff notice and information concerning any sale of the shares. (Complaint, ¶¶ 23, Exh. 1.) Plaintiff thereafter alleges she "obtained a money judgment against Hepworth for the amount of the Redtop Holdings liquidation to which she was entitled." (Complaint, ¶ 72.) Plaintiff alleges that "a large portion of the judgment (in excess of $300,000.00) remains unpaid with no real likelihood of collecting from Hepworth individually as his individual assets will be exhausted." (Complaint, ¶ 73.) Plaintiff now seeks monetary damages related to the state court money judgment under various theories: violation of the Uniform Voidable Transaction Act, conversion, conspiracy, violations of the U.S. Racketeer Influenced and Corrupt Organizations Act, and

violations of the Idaho Racketeering Act. (Complaint, pp. 14-22, ¶¶ 79-121.) Prior to initiating this proceeding, however, Plaintiff filed a Petition to Enforce Judgment of Divorce in the Ada County divorce proceeding on April 11, 2019. (Complaint, ¶ 67.) That matter is currently scheduled for trial on January 8, 2020.

## III.  ARGUMENT

A.  <u>Subject Matter Jurisdiction</u>

Federal Rule of Civil Procedure 12(b)(1) provides a basis for this Court to dismiss an action where it lacks subject matter jurisdiction. Unless the party asserting jurisdiction establishes that it exists, a lack of jurisdiction is presumed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If a court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3). Attacks on subject matter jurisdiction come in two forms—a facial attack based upon the allegations of the Complaint, and a factual attack which goes beyond the four corners of the Complaint. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction. *Id.*

The state divorce court has exclusive and continuing jurisdiction over the divorce decree and the Agreement incorporated therein. Plaintiff's complaint alleges that Hepworth owes her money by virtue of a divorce decree issued in a concurrently pending state court action. When an agreement, such as the Agreement in this matter, is incorporated, or "merged," into a divorce decree, "the right to enforce the contract through an action for breach of contract is supplanted by the divorce court's authority to enforce its orders." *Davidson v. Soelberg*, 154 Idaho 227, 230,

296 P.3d 433, 436 (Ct. App. 2013) (citing *Phillips v. Phillips*, 93 Idaho 384, 386, 462 P.2d 49, 51 (1969)); *See Kimball v. Kimball*, 83 Idaho 12, 16, 356 P.2d 919, 922 (1960); *Barnedt v. Wilder*, 137 Idaho 415, 418, 49 P.3d 1265, 1268 (Ct.App.2002). "Merger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon." *Kimball*, 83 Idaho at 15, 356 P.2d at 921. The language used in the Complaint initiating this federal action states that the Agreement was "specifically incorporated" into the Divorce Judgment. (Complaint, ¶ 21). Consequently, the state divorce court has exclusive jurisdiction to enforce the terms of the Agreement as well as its own orders related to the Agreement. *See also* I.C. §§1-1603 and 1-1901.

Importantly, despite having raised alternative causes of action in this proceeding in an apparent effort to avoid this jurisdictional problem, Plaintiff acknowledges that she has not yet exhausted her efforts to obtain her requested enforcement of the divorce decree (and that this case is premature). Plaintiff argues that "[t]he establishment of Hepworth's liability and collectability of the judgment against Hepworth in the Divorce Case *are nearly resolved*, with *almost* all efforts to collect the amount owed on the judgment from James Hepworth exhausted." (Dkt. 35, p. 4 (emphasis added).) In other words, despite her attempts to distinguish this case as something *other than* the enforcement of her divorce decree, Plaintiff readily admits that the sole basis for her causes of action against Hepworth and others in this federal case is to recover amounts allegedly due and owing from a divorce decree that she admits she has not yet allowed to reach finality in the Divorce Case. Simply stated, she has no basis for any lawsuit against Hepworth or anyone else in federal court if the amounts she claims are due and owing are first resolved by way of the ongoing state court proceedings.

B.  Abstention is Appropriate Under the *Younger* Doctrine

Abstention is appropriate here under the principles of equity, comity, and federalism enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Under the abstention doctrine created in *Younger*, abstention is required in noncriminal proceedings[1] where the following four requirements are met: 1) state proceedings are ongoing; 2) the proceeding implicates important state interests; 3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and 4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008) (citing *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)). The *Younger* doctrine "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances" such as a showing of bad faith or harassment. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 435, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982). Where the *Younger* doctrine applies, the court should dismiss the case. *Id.*

First, a state proceeding is certainly ongoing. Prior to initiating this federal proceeding, Plaintiff filed a petition in the state court divorce action to enforce the very same judgment that is at the basis of this proceeding. That matter is scheduled for trial in January 2020. It is well established that this Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)

---

[1] Although *Younger* dealt with potential interference with state criminal proceedings, the *Younger* doctrine extends to federal cases that would interfere with state civil cases and state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

(quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979)); *see Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *E.I. DuPont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir.1986); *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir.1984); *Green v. Warden*, 699 F.2d 364, 369 (7th Cir.), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir.) (court took judicial notice of proceedings and filings in other courts, including a decision of the California Supreme Court issued while the parties' appeal in the federal case was pending), *cert. denied*, 404 U.S. 967, 92 S.Ct. 344, 30 L.Ed.2d 287 (1971). The state divorce proceeding is directly related to the matters at issue in this proceeding and may be dispositive, or at a minimum, may be a basis to stay this matter pending its resolution. Therefore, Hepworth requests that this Court take judicial notice of the proceedings in Ada County Case No. CV DW 2015-05437.

Second, the importance of an implicated state interest "is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir.2003) (finding preservation of the integrity of horse racing to be an important state interest). Abstention is necessary where the state's implicated interest is in the execution of its basic functions in a wide variety of civil contexts. *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 884 (9th Cir. 2011); *see, e.g., Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 628, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) (recognizing state's important interest in enforcing its employment anti-discrimination laws through administrative proceedings); *Moore v. Sims*, 442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (same for enforcing child custody laws); Trainor, 431 U.S. at 444, 97 S.Ct. 1911 (enforcing state welfare scheme); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1094 (9th Cir.

2008) (enforcing local election regulations); *Gilbertson*, 381 F.3d at 983 (enforcing land-surveying licensing provisions); *Woodfeathers, Inc. v. Washington Cnty., Or.*, 180 F.3d 1017, 1021 (9th Cir. 1999) (enforcing solid waste disposal and recycling ordinance); *San Remo Hotel v. City and Cnty. of S.F.*, 145 F.3d 1095, 1104 (9th Cir.1998) (enforcing land-use and zoning ordinances); *World Famous Drinking Emporium, Inc. v. City of Tempe*, 820 F.2d 1079, 1083 (9th Cir.1987) (enforcing nuisance laws); *Worldwide Church of God, Inc. v. State of Cal.*, 623 F.2d 613, 616 (9th Cir. 1980) (per curiam) (investigating charitable trust fraud pursuant to state Attorney General's supervisory authority). Specifically relevant to this matter, states have important interests in "administering certain aspects of their judicial systems," such as "enforcing the orders and judgments of the States' courts." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 2, 107 S. Ct. 1519, 1521, 95 L. Ed. 2d 1 (1987) ("[f]ederal injunctions in such cases would interfere with the execution of state judgments on grounds that challenge the very process by which those judgments were obtained."). The Ninth Circuit has recognized that:

> [t]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (quoting *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983)). Here, the state divorce court's ability to enforce its own decree is a recognized "important state interest" warranting abstention.

The third prong of the *Younger* doctrine test requires only a showing that "the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding." *Gilbertson*, 381 F.3d at 969 n.4. Plaintiff here has not raised any claims premised on federal constitutional grounds. Plaintiff's claim for damages is directly based upon the allegedly unpaid

portion of the Agreement. The state divorce court's resolution of Plaintiff's pending enforcement petition will conclusively address the claims she has raised in this proceeding.

The fourth *Younger* prong requires a showing that the federal suit would interfere with the ongoing state proceeding, for instance, by enjoining or have the practical effect of enjoining the state proceeding. *Gilbertson*, 381 F.3d at 978. As noted in the discussion pertaining to jurisdiction, *supra*, the divorce court currently has exclusive jurisdiction over the Divorce Judgment and the incorporated Agreement. As such, any determinations by this Court pertaining to the Agreement would undoubtedly interfere with the ongoing state divorce proceeding.

Pursuant to *Younger* and its progeny, this Court should abstain from hearing Plaintiff's claims because there is an  ongoing state proceeding that implicates important state interests, this federal action would interfere with that proceeding, and there are no federal constitutional claims at issue.

## C.  Dismissal is Warranted Under the *Colorado River* Doctrine[2]

The factors outlined in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) likewise weigh in favor of abstention. Pursuant to the *Colorado River* doctrine, abstention is appropriate where there are concurrent state and federal lawsuits that are substantially similar and where abstention would promote "[w]ise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*.

"The threshold question in deciding whether Colorado River abstention is appropriate is

---

[2] Although Defendant Hepworth refers herein to the *Colorado River* doctrine as an "abstention" doctrine, it is important to note that the Supreme Court has rejected the abstention categorization for this doctrine: "Unlike abstention, which rests on "regard for federal-state relations" and "considerations of proper constitutional adjudication," *Colorado River* rests on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

whether there are parallel federal and state suits." *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1147 (C.D. Cal. 2014) (quoting *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir.2005)). In the Ninth Circuit, exact parallelism between the two suits "is not required. It is enough if the proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). "Suits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." *Enfission, Inc. v. Leaver*, 408 F. Supp. 2d 1093, 1097 (W.D. Wash. 2005). Rather, suits are parallel when they involve substantially the same facts and issues, name the same pertinent parties,[3] and the federal court is confident the state litigation will resolve the federal litigation. *Id.*; *see Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1170 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (citing *Nakash*, 882 F.2d at 1416-1417).

The two proceedings between Amy Evans and Hepworth are parallel under these governing standards. The claims asserted by Plaintiff in this federal proceeding are entirely dependent on the terms of the Agreement and are simply another mechanism that Plaintiff is attempting to enforce the terms thereof. Again, in Idaho, enforcement of that Agreement, which was merged into the divorce decree, is within the exclusive jurisdiction of the state divorce court. *Davidson*, 154 Idaho at 230, 296 P.3d at 436. Once the Agreement is enforced, Plaintiff's claims herein, against any defendant, are no longer cognizable as pled.

In fact, while this federal action proceeds, Plaintiff simultaneously continues to work towards enforcement of the Agreement in the parallel state proceeding. Hepworth underwent a

---

[3] As to pertinent parties, Defendant Hepworth refers the Court to the pending motions to dismiss filed in this matter by Defendants Michela Swarthout, Swarthep, LLC, HZ Global, LLC, Luxe Imports, LLC (ID), Luxe Imports, LLC (MT), McWorth Properties, LLC, and Cloud Peak Law Group, P.C.

**MEMORANDUM IN SUPPORT OF DEFENDANT JAMES HEPWORTH'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION - 11**

Debtor's Examination in the state court proceeding on Friday, December 20, 2019, pursuant to the state court's order following a motion from Plaintiff. Title 11 of the Idaho Code provides an avenue through which a judgment creditor may obtain discovery after a judgment has been entered in a matter, such as that entered in favor of Plaintiff in the state divorce proceeding. *See Wechsler v. Wechsler*, 162 Idaho 900, 909, 407 P.3d 214, 223 (2017). For instance, a debtor's examination is warranted under Idaho Code § 11-501:

> [w]hen an execution against property of the judgment debtor . . . is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from the judge of the court requiring such judgment debtor to appear and answer upon oath concerning his property.

Title 11 provides the state divorce court with additional tools to enforce its judgments. *See e.g.*, Idaho Code § 11-508 (disobedience of a trial court's orders pertaining to the enforcement of judgments in civil actions may result in being held in contempt of court). During the debtor's examination conducted on December 20th in the Divorce Case, Plaintiff's counsel (who are the same counsel as represent her in this federal case) inquired into several areas that are specifically identified in Plaintiff's Complaint in this action (Dkt. 1) as providing the basis for her causes of action alleged herein, including but not limited to: the vehicles identified in paragraphs 42 through 59 of Plaintiff's Complaint, the several businesses named in and identified throughout Plaintiff's Complaint, certain monetary transfers alleged in the Plaintiff's Complaint, and the Redtop Holdings shares about which Plaintiff begins the factual allegations of her Complaint (¶ 19). If Plaintiff's assertion were true that the issues in these two proceedings are distinct and not parallel, there would have been no reason for Plaintiff to inquire about issues raised in this federal case during a debtor's exam ordered in the Divorce Case. Plaintiff, apparently finding the state divorce court's tools for enforcing its own judgments insufficient, seeks to enforce that judgment from an additional angle: the parallel federal proceeding. Success in both proceedings would result in

double recovery for Plaintiff of the unpaid portion of the divorce court judgment. Plaintiff's arguments to avoid dismissal of this federal case are belied by her own conduct in the Divorce Case.

The Ninth Circuit has recognized eight non-exhaustive factors for assessing whether a *Colorado River* stay or dismissal is appropriate where parallel actions are pending: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

Because Plaintiff seeks monetary damages based upon an alleged breach of the Agreement and because both forums are located in Boise, Idaho, the first two factors are not significant to this analysis.

Third, the parallel actions between Plaintiff and Hepworth will involve duplicated efforts between the two tribunals that could result in differing results. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters, (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir.1988). A case must raise a "special concern about piecemeal litigation," which can be remedied by staying or dismissing the federal proceeding. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir.1990); *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 20-21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Both this matter and the parallel state divorce action consider the same Agreement. Whether Hepworth is liable

under any of Plaintiff's theories asserted in this matter necessarily depends on whether he breached the terms of the Divorce Judgment and incorporated Agreement. Hepworth certainly has the opportunity to present defenses in either matter, and neither tribunal is bound by the other's determination (pending a final judgment).

Regarding the fourth and fifth factors, the state divorce court was the first to obtain jurisdiction over the Agreement that is the basis for Plaintiff's federal claims and that court has exclusive jurisdiction over enforcement of that Agreement. Plaintiff argues that none of the claims in the RICO case arise out of the state divorce proceeding,[4] however, that is patently incorrect. All of Plaintiff's claims in this matter arise out of the state divorce proceeding, which includes the Agreement that was merged into the divorce decree. (*See* Complaint, ¶¶ 19-21, 23, 67, 72-73.) Plaintiff has simply framed her endeavor to enforce the state divorce court judgment as a federal claim.

When forum shopping, it could certainly prove advantageous if Plaintiff, or any party to a divorce decree, could proceed outside of a still-pending state divorce proceeding to seek enforcement of a divorce judgment. *See Nakash*, 882 F.2d at 1417 ("[a]pparently, after three and one-half years, Nakash has become dissatisfied with the state court and now seeks a new forum for their claims. We have no interest in encouraging this practice.")

If Plaintiff is successful in her petition to enforce the judgment in the state divorce proceeding, she will no longer have a claim for damages, i.e. unpaid portions of the state court judgment. Further, federal courts generally have accorded preclusive effect to issues decided by state courts. *Allen v. McCurry*, 449 U.S. 90, 95–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The resolution of the state court proceeding will necessarily give rise to such issue preclusion.

---

[4] (Brief in Opposition to Dismissal or Stay of Federal Proceedings, p. 14.)

**MEMORANDUM IN SUPPORT OF DEFENDANT JAMES HEPWORTH'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY ACTION - 14**

"Res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Carroll v. Wilson McColl & Rasmussen*, No. CV 08-22-CWD, 2010 WL 1904779, at *4 (D. Idaho May 11, 2010) (citing *Younger*, 401 U.S. at 43–45, 91). Additionally, because the state divorce court has exclusive jurisdiction over the subject matter of Plaintiff's claims, any judgment or order related to the enforcement of the Agreement would be void. *United States v. DeMott*, No. CR00-79-S-EJL, 2008 WL 1914727, at *2 (D. Idaho Apr. 29, 2008); *See Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir.1988). Based on the foregoing, dismissal of this proceeding in favor of the parallel state divorce proceeding would promote "[w]ise judicial administration, given regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200, 203 (1952)).

D.  Alternatively, a Stay is Warranted Under the *Colorado River* Doctrine.

"Although Federal courts have the unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River*, 424 U.S. at 817, the Ninth Circuit has observed that this statement "somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings," *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). *See Sea Prestigio, LLC v. M/Y Triton*, 787 F. Supp. 2d 1116, 1118 (S.D. Cal. 2011).

Plaintiff notes in her recent briefing to the Court that the presence of federal-law issues must be a major consideration when analyzing whether abstention under *Colorado River* is appropriate. (Brief in Opposition to Dismissal or Stay of Federal Proceedings, p. 16.); *See Moses*

*H. Cone Mem'l Hosp.*, 460 U.S. at 26, 103 S. Ct. at 942, 74 L. Ed. 2d 765. However, the *Colorado River* doctrine provides federal courts with the option to stay a parallel proceeding even where federal-law issues may not be addressed in the state court proceeding. "The Supreme Court has strongly hinted that invocation of *Colorado River* is contingent on keeping the federal forum open if necessary." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243–44 (9th Cir. 1989); *See San Carlos Apache Tribe*, 463 U.S. at 570 n. 21, 103 S.Ct. at 3215 n. 21, 77 L.Ed.2d 837 ("resort to the federal forum should remain available if warranted"). Even where a district court finds that some claims are not cognizable in a parallel state proceeding, the court must stay those claims pending resolution of the parallel state proceeding. *See Deakins v. Monaghan*, 484 U.S. 193, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988).  This "allows a parallel state proceeding to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Id.* at 202–03, 108 S.Ct. 523 (internal quotation marks omitted). Where "monetary relief cannot be redressed in the state proceeding," "damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968 (citing *Deakins*, 484 U.S. at 202-203, 108 S.Ct. 523).

In a matter with some similarities to this litigation, after balancing the *Colorado River* factors, the U.S. District Court for the Central District of California in *ScripsAmerica, Inc.* stayed the plaintiff's claims for breach of contract, breach of the covenant/tortious bad faith, and declaratory relief.

> In sum, Scrips' state law claims in this action are nearly identical to the issues it raised in opposition to Ironridge's application for an order enforcing the stipulation and compelling the issuance of 1.6 million additional shares of Scrips stock. That application was filed, was decided on the merits in the trial court, and was appealed before this action was commenced. Final decision of the state court action will resolve whether Ironridge breached the express terms of the stipulation and/or the covenant of good faith and fair dealing implied therein. That determination will resolve whether Scrips must issue the additional 1.6 million shares that are the

subject of the enforcement order, and/or other shares in the future pursuant to the formula in the stipulation. Exercising jurisdiction over Scrips' breach of contract, breach of implied covenant/tortious bad faith and declaratory relief claims would therefore result in needlessly duplicative effort and present the potential for conflicting state and federal judgments on the same issues. While there is no strong federal policy against piecemeal litigation in this instance, there is some indication that Scrips filed this action to forum shop following an adverse ruling by the state trial court.

56 F. Supp. 3d at 1156. By staying this proceeding, this Court would allow the state divorce court to enforce its own orders, while also remaining available to hear any claims not resolved by that state divorce proceeding.

E.   This Court has the Discretionary Authority to Decline Jurisdiction.

Finally, even if this Court determines it is not required to abstain from exercising jurisdiction, the Court may do so in its discretion. A court has discretionary authority to decline jurisdiction over certain categories of domestic relations cases, including those where "a plaintiff has commenced a federal action to enforce a state court status decree." *McIntyre v. McIntyre*, 771 F.2d 1316, 1318 (9th Cir. 1985) (citing *Bennett v. Bennett*, 682 F.2d 1039, 1042–44 (D.C. Cir. 1982)).

Federal judges have used various doctrinal mechanisms to refrain from intruding into the uncharted waters of state domestic relations law. As the Court explained in *Ankenbrandt v. Richards*, courts have often avoided such an intrusion by invoking the "domestic relations exception" to federal jurisdiction under the diversity statute. 504 U.S. 689, 693, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). Other courts have extended the exception to federal question jurisdiction. *See, e.g., Jones v. Brennan*, 465 F.3d 304, 306–08 (7th Cir.2006). And others have invoked abstention doctrines to avoid state-law domestic relations issues. *See, e.g., Moore v. Sims*, 442 U.S. 415, 423–35, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.1987) ("This case, while raising constitutional issues, is at its core a child custody dispute."); *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir.1983) ("There is no subject matter jurisdiction over these types of domestic disputes.").

*Latta v. Otter*, 779 F.3d 902, 912–13 (9th Cir. 2015) (O'Scannlain, J., dissenting) (footnotes omitted).

## IV.  CONCLUSION

Based upon the legal principles raised herein, and pursuant to Federal Rule of Civil Procedure 12(b)(1), the *Younger* doctrine, and/or the *Colorado River* abstention doctrine, it is appropriate for this Court to dismiss this action, or alternatively, to stay this action pending resolution of the parallel state action in the Fourth Judicial District of the State of Idaho, Ada County Case No. CV DW 2015-05437. Despite her best efforts, Plaintiff has been unable to articulate how the enforcement of her divorce decree in state court does not prohibit this Court from employing alternate means to enforce that same divorce decree in federal court. To the contrary, federal law mandates that the Court defer to the state court in this ongoing divorce proceeding and refuse to interfere with that parallel proceeding. As such, Hepworth respectfully requests that this Court either dismiss this action in its entirety or, in the alternative, stay these proceedings until such time as Plaintiff has fully exhausted her efforts in state court to enforce that court's order.

DATED this 26th day December, 2019.

ELAM & BURKE, P.A.


   /s/ *Thomas J. Lloyd III*
By:  Matthew L. Walters, of the firm
     Thomas J. Lloyd III, of the firm
     Attorneys for Defendant
     James Hepworth

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 26th day of December, 2019, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System which sent a Notice of Electronic Filing to the following persons:

Matthew T. Christensen                                  mtc@angstman.com
Branden M. Huckstep                                    bmh@angstman.com
ANGSTMAN JOHNSON

*Attorneys for Plaintiff*

Kevin Eugene Dinius                                       kdinius@diniuslaw.com
Sarah Louise Hallock-Jayne                          shallockjayne@diniuslaw.com
DINIUS & ASSOCIATES, PLLC

*Attorneys for Defendants Michela Swarthout;*
*Swarthep, LLC; HZ Global, LLC; Luxe*
*Imports, LLC (ID); Luxe Imports, LLC (MT);*
*and McWorth Properties, LLC*

Brent O. Roche                                               brent@racineolson.com
Nathan R. Palmer                                          nathan@racineolson.com
RACINE OLSON, PLLP

*Attorneys for Defendant Cloud Peak Law*
*Group, P.C.*


                                                          /s/ *Thomas J. Lloyd III*
                                                          Thomas J. Lloyd III

4849-3922-4238, v. 3