UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMY EVANS,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES HEPWORTH, an individual; MICHELA SWARTHOUT, an individual; SWARTHEP, LLC, a Wyoming limited liability company; HZ GLOBAL, LLC, a Wyoming limited liability company; LUXE IMPORTS, LLC, an Idaho limited liability company; LUXE IMPORTS, LLC, a Montana limited liability company; WANTHUB, INC., a Delaware corporation; TREASURE VALLEY POWDER COATING, LLC, an Idaho limited liability company, McWORTH PROPERTIES, LLC, a Wyoming limited liability company; YUANCELA, LLC, a Wyoming limited liability company; and DOES 1–10,<br><br>    Defendants. | Case No. 1:19-cv-00380-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On December 9, 2019, the Court ordered the parties to submit briefing on whether this case should be dismissed or stayed in light of ongoing divorce proceedings between Plaintiff Amy Evans and Defendant James Hepworth in Ada County Case No. CV-DW-2015-5437. Having reviewed the record and briefs, the Court finds that the facts and legal

arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). The Court finds this case should be stayed pending resolution of the state court proceedings.

## II. BACKGROUND

Evans and Hepworth are a formerly married couple divorced by Judgment entered on October 29, 2015 (the "Divorce Judgment") in Ada County Case No. CV DW 2015-05437 (the "Divorce Case").[1] The Divorce Judgment awarded Evans 50% of the couple's shares in an entity known as "Redtop Holdings Limited" (hereinafter "Redtop Shares"). The Divorce Judgment specifically incorporated an Agreement between Evans and Hepworth regarding the eventual liquidation of the Redtop Shares. The Agreement required Hepworth to hold Evans' portion of the Redtop Shares in trust for her benefit, to give her notice of any sale, and to pay her 50% of the proceeds. Hepworth instead allegedly liquidated the Redtop Shares without Evans knowledge, kept 100% of the nearly $1.8 million proceeds, and, in concert with his girlfriend, Defendant Michela Swarthout, began a pattern of deception, transfers, and lavish spending in order to hide his receipt and use of the Redtop Holdings proceeds.

---

[1] It is well-established that federal courts may take judicial notice of related state court orders and proceedings if those proceedings directly relate to matters at issue. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The Divorce Case is directly related to the matters at issue in this proceeding and may be a basis to dismiss or stay this matter pending its resolution. The Court accordingly takes judicial notice of the proceedings in the Divorce Case.

When Evans learned of Hepworth's receipt of the stock shares in April 2019, she filed a petition to enforce the Divorce Judgment in the Divorce Case. Evans obtained a money judgment in the Divorce Case against Hepworth for the amount of the Redtop Holdings liquidation to which she has entitled. To date, Evans has recovered approximately $600,000.00 through garnishment of Hepworth's bank account. Evans continues to pursue a supplemental money judgment against Hepworth in the Divorce Case, and trial is set for January 2020. The issues for trial are the amount of additional proceeds owed to Evans as a result of the sale of the Redtop Shares, the amount of interest that has accrued as a result of Hepworth's breach of the divorce decree, and attorney fees. However, Evans claims she has no real likelihood of collection from Hepworth individually, as his individual assets have been or will be exhausted.

On October 1, 2019, Evans filed the instant action against Hepworth, Swarthout, and a myriad of other companies—most of which are LLC's allegedly created by Hepworth and Swarthout to conceal and fraudulently transfer Hepworth's receipt of the Redtop Shares—alleging violation of the United States Racketeer Influenced and Corrupt Organizations Act ("RICO") and various state claims. Given the ongoing proceedings in the Divorce Case, this Court ordered Evans and Hepworth to brief it on whether this suit should be dismissed or stayed. Evans opposes either a dismissal or stay. Hepworth argues the case should be dismissed, or, in the alternative, stayed, pending resolution of the Divorce Case.[2]

---

[2] A number of motions are pending in this case, including Evans' Emergency Motion for Prejudgment Writ of Attachment (Dkt. 2), a Motion to Dismiss by Defendants Swarthout, Swarthep, LLC, HZ Global, LLC,

### III. DISCUSSION

Divorce, and the allocation of property incident to a divorce, are longstanding local functions governed by state law. *Ankenbrandt v. Richards*, 504 U.S. 689, 706 (1992). Federal courts have accordingly invoked a "domestic relations exception" to diversity jurisdiction over cases involving domestic relations. *Id*. at 694. Although the Supreme Court tailored the domestic relations exception to federal subject matter jurisdiction in *Ankenbrandt*, it nevertheless made clear the priority given to the state resolution of family law issues, including property distributions.[3] *Id*. at 704, 706. Further, even where, as here, a federal question is presented, "federal courts decline to hear disputes which would deeply involve them in domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) (citations omitted); *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (holding that although the "domestic relations exception" to subject matter jurisdiction does not apply in federal-question cases, the domestic relations abstention doctrine outlined in *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) does).

In *American Airlines*, a federal-question interpleader case, the Second Circuit held that the district court erred in not abstaining from adjudicating the parties' dispute over the

---

Luxe Imports, LLC (ID), Luxe Imports, LLC (MT) and McWorth Properties, LLC (collectively referred to hereinafter as the "Swarthout Defendants") (Dkt. 30), and Hepworth's Motion to Dismiss (Dkt. 33). The Swarthout Defendants' Motion to Dismiss first identified the abstention issue and was filed prior to the Court's order directing the parties to brief whether this case should be stayed or dismissed. Although the Court has considered all of the pending briefs, it here addresses solely whether this case should be stayed or dismissed in light of the Divorce Case.

[3] In *Akenbrandt*, the Supreme Court first held that the domestic relations exception was not of constitutional dimension, but rather was an implied exception to Congress's grant of diversity jurisdiction in 28 U.S.C. § 1332. *Id*. at 696.

distribution of certain funds corresponding to an ex-spouse's maintenance obligations that had not yet been reduced to final judgment in state court. *Id*. at 15. In so holding, the Second Circuit explained:

> [E]ven if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field. A federal court presented with matrimonial issues or issues "on the verge" of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.

*Id*. at 14 (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976)). Two years later, the Supreme Court decided *Akenbrandt*, and neither overruled *American Airlines* nor cast doubt on its abstention holding. 504 U.S. at 699-704. In *Deem*, 941 F.3d at 625, the Second Circuit affirmed the district court's dismissal on abstention grounds of a husband's claim for damages pursuant to 42 U.S.C. §§ 1983 and 1985 against his wife and others for malicious prosecution and purported interference with his right to association with his children. The Second Circuit held the domestic relations abstention doctrine applied because the husband's claims were, at a minimum, "on the verge of being matrimonial in nature," and because there was no obstacle to a full and fair determination of such claims in the divorce proceeding. *Id*.

Like the Second Circuit, several courts have since read *Akenbrandt* to suggest that abstention based on domestic relations concerns is appropriate where tortious conduct is a part of an ongoing series of disputes centering around the marital relationship. *DeMauro v. DeMauro*, 115 F.3d 94, 98 (1st Cir. 2012) (finding possible interference that a federal RICO action might cause to state divorce court's decision as to how to divide property in

a divorce proceeding was a plausible basis for abstention; *Mindy's Cosmetics, Inc. v. Dakar*, 2009 WL 10669480 (C.D. Cal. 2009) (holding abstention was appropriate in trademark infringement action where divorcing spouses both claimed an interest in trademark at issue); *Dunn v. Cometa*, 238 F.3d 38, 39 (1st Cir. 2001) (abstention was appropriate in case of tort claims based on former wife's management of former husband's care, insurance, and property during period when former husband was incapacitated*)*; *Dibbs v. Gonsalves*, 921 F. Supp. 44, 52 (D.P.R. 1996) (dismissing case on the merits but noting court would have otherwise abstained from hearing RICO action which "would disrupt the authority and rulings of the Puerto Rico Superior Court in the liquidation of conjugal assets[.]"). Such cases triggered the Court's order directing the parties to brief whether abstention is appropriate in this case.

In her brief, Evans suggests "the correct standard to apply in determining whether the Court should abstain from hearing the RICO case" is that provided in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), and contends both dismissal and a stay are inappropriate under the factors identified in *Colorado River*. Dkt. 35, at 9. Hepworth argues that the circumstances of this case make abstention appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), and/or dismissal warranted under *Colorado River*.

1. *Colorado River* Doctrine[4]

Under *Colorado River*, abstention is potentially warranted where there are concurrent state and federal lawsuits that are substantially similar and where abstention would promote "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" 424 U.S. at 817 (quoting *Kerotest Manuf. Co. v. C-O-Two Fire Equip., Co.*, 342 U.S. 180, 183 (1952)). "The threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are parallel federal and state suits." *ScripsAmerica, Inc. v. Ironridge Glob. IV, Ltd.*, 56 F. Supp. 3d 1121, 1147 (C.D. Cal. 2014) (internal quotation marks and citation omitted). Even where there are parallel federal and state suits, *Colorado River* abstention should be invoked only in "exceptional circumstances." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983)). In *Moses Cone*, the Supreme Court explained that where there are parallel state and federal proceedings, "our task. . . is not to find some substantial reason for the *exercise* of jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances'. . . to justify the *surrender* of that jurisdiction." 460 U.S. at 25–26 (emphasis in original).

Under *Colorado River*, courts generally evaluate eight factors in assessing whether "exceptional circumstances" warrant federal abstention from concurrent federal and state

---

[4] Unlike other forms of abstention, the *Colorado River* abstention doctrine "is not based on weighty considerations of federal-state relations," but is instead designed to promote "wise judicial administration." *American Int'l Underwriters (Philippine), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988).

proceedings: (1) whether either court has assumed jurisdiction over the property at stake; (2) the relative convenience of the forums; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the parties' rights; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court. *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017). "These factors are to be applied in a pragmatic and flexible way, as part of the balancing process rather than as a 'mechanical checklist.'" *American Int'l Underwriters*, 843 F.2d at 1257 (quoting *Moses Cone*, 460 U.S. at 16)).

Even if this case and the Divorce Case are considered parallel, the Supreme Court has admonished that a stay or dismissal under the *Colorado River* doctrine would be a "serious abuse of discretion" unless "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses Cone*, 460 U.S. at 28. As Evans notes, it is not clear that she will be fully compensated in the Divorce Case for the damages to which she may be entitled. Evans claims Hepworth's personal assets have been exhausted and that she will be unable to recover a significant portion of her damages unless she pursues recovery from the Swarthout Defendants. Dismissal or a stay is not appropriate under these circumstances. *Id*. (stating the decision "to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.") Because the Court cannot make such a finding at this stage of the proceedings, it would be an abuse of discretion to stay or dismiss this case pursuant to *Colorado River*.

MEMORANDUM DECISION AND ORDER - 8

### 2. *Younger* Abstention

Hepworth argues abstention is appropriate under the principals of equity, comity and federalism enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).[5] Under the abstention doctrine created in *Younger*, federal courts *must* abstain from hearing cases that would interfere with pending state court proceedings that implicate important state interests. *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). The doctrine is justified by considerations of comity, "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 44.

Under *Younger*, abstention in federal proceedings is required where: (1) state proceedings are ongoing; (2) the federal proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004)). If the court determines that *Younger* abstention is appropriate in a case where, as here, the plaintiff seeks damages, it must stay the matter

---

[5] Although *Younger* involved potential interference with state criminal proceedings, *Younger* abstention has been extended to federal cases that would interfere with state civil cases where important state interests are involved. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627 (1986).

until the state court proceedings are concluded, rather than dismissing the action. *Gilbertson*, 381 F.3d at 978.

Here, the first and third *Younger* factors are met. Evans concedes state proceedings are ongoing and that federal constitutional issues are not present in either the Divorce Case or in this suit.[6] Dkt. 39, at 8.

The second *Younger* factor, or the importance of an implicated state interest "is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual's case." *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003). States have important interests in "administering certain aspects of their judicial systems," such as "enforcing the orders and judgments of the States' courts." *Pennzoil*, 481 U.S. at 13, 14 ("[F]ederal injunctions in such cases interfere with the execution of state judgments on grounds that challenge the very process by which those judgments were obtained."). In this case, the Divorce Judgment specifically incorporated the "Agreement Regarding C and D Purchase Shares of Redtop Holdings Limited Company" between Evans and Hepworth regarding the eventual liquidation of the Redtop Shares. Dkt. 1, ¶ 21, Ex. 1. When an agreement, such as the Agreement in this matter, is incorporated, or "merged," into a divorce decree, "the right to enforce an action for breach of contract is supplanted by the divorce court's authority to enforce its orders."

---

[6] The third *Younger* factor requires "only the absence of 'procedural bars' to raising a federal claim in the state proceedings. *Communications Telesystems Int'l v. California Public Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citations omitted). As such, federal issues need not have actually been litigated in the state proceedings to warrant *Younger* abstention. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

MEMORANDUM DECISION AND ORDER - 10

*Davidson v. Soelberg*, 296 P.3d 433, 436 (Idaho Ct. App. 2013) (citations omitted). The state divorce court accordingly has an important interest in enforcing the Divorce Judgment and Agreement.

Further, "there is perhaps no state administrative scheme in which federal court intrusions are less appropriate than domestic relations law." *DuBroff v. DuBroff*, 833 F.2d 557, 561 (5th Cir. 1987). Where family law is at issue, federal courts have held abstention is "particularly appropriate." *Friends of Children, Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985) (citations omitted). The Ninth Circuit has recognized:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in [such] cases appropriate.

*Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (quoting *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983)).

Because Idaho's significant interests in enforcing the judgments of its courts and in supervising and regulating the distribution of marital property are both implicated in this suit, the second *Younger* element is met in this case.

The fourth *Younger* factor requires a showing that the federal suit would interfere with the ongoing state proceeding, for instance, by enjoining or having the practical effect of enjoining the state proceeding. *Gilbertson*, 381 F.3d at 978. Although "direct" interference is not required, there must be some interference with the state court proceeding before *Younger* can apply. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 n. 9

(9th Cir. 2007). Evans seeks injunctive relief in this case attaching "all" of Hepworth's assets, including all of his bank accounts, which the divorce court has already garnished to compensate Evans for her portion of the Redtop Shares. Dkt. 2-1, at 15. If this Court interjects and attaches Hepworth's assets, it would clearly interfere with the Divorce Case in which Evans seeks (and has already obtained) similar remedies. Further, because the divorce court currently has exclusive jurisdiction over the Divorce Judgment and the Agreement, any determinations by this Court pertaining to the Agreement would undoubtedly interfere with the ongoing state divorce proceeding. As the Ninth Circuit held in *Gilbertson*:

> [T]here is no reason why federal interference with [a] state proceeding cannot be avoided, thus preserving the interests of comity, yet damages also be available in the federal court, thus protecting the federal plaintiff's right to seek them. This can be accomplished by entry of an order staying the federal action until the state proceedings has been completed.

381 F.3d at 980. A stay in this case would preserve interests of comity while protecting Evans' right to damages if she is not fully compensated for her rightful portion of the Redtop Shares in the Divorce Case.

  3. *Burford Abstention*

A stay of this case may also be warranted under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *Burford* abstention "allows a federal district court to abstain from exercising jurisdiction if the case presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the results in the case then at bar,'" or if decisions in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to matters of substantial public concern." *Valley View Health*

*Care, Inc. v. Chapman*, 992 F. Supp. 2d 1016, 1049 (E.D. Cal. 2014) (quoting *Colorado River*, 424 U.S. at 814). In *Akenbrandt*, the Supreme Court noted that *Burford* abstention may be appropriate, "in a case involving elements of the domestic relationship even where the parties do not seek divorce, alimony, or child custody." 504 U.S. at 705 (quoting *Colorado River*, 424 U.S. at 814)). Federal courts have significantly held *Burford* abstention appropriate where, as here, divorcing spouses allege RICO violations arising from the deceptive diversion of marital assets. *DeMauro*, 115 F.3d at 95; *DuBroff*, 833 F.2d at 561-563; *Farkas v. D'Oca*, 857 F. Supp. 300, 304-305 (S.D.N.Y. 1994).

In *DeMauro*, while a divorce proceeding was pending in state court, the wife filed a civil RICO case against her husband in federal court alleging that the husband had been fraudulently concealing certain property in an attempt to prevent her from sharing in those assets. The district court dismissed the case under the *Burford* abstention doctrine. 115 F.3d at 96. The First Circuit reversed the dismissal because the wife's RICO suit sought damages, and, as such, dismissal was not permitted under *Quackenbush v. Allstate Ins., Co.*, 517 U.S. 706, 731 (1996) (holding in a damages action, a district court may only order a stay pending resolution of state proceedings; it cannot invoke abstention to dismiss the suit all together).

Despite the district court's error in dismissing the RICO suit, the First Circuit largely agreed that abstention was appropriate under the circumstances. Although the case did not involve any complex or novel issues of state law, the *DeMauro* Court found that abstention was likely appropriate because of "the possible interference that a civil RICO action at this time might cause to the state court's decision as to how to divide property in the divorce."

MEMORANDUM DECISION AND ORDER - 13

115 F.3d at 98. The *DeMauro* Court significantly noted that the wife's federal RICO claim was "directed at the same property that is going to be allocated between the parties as a result of the decree." *Id*. at 99. Therefore, at the very least, there was "the possibility of conflict between judgments, requiring one of them to be modified to take account of the other." *Id*. Although abstention was not a perfect fit under *Burford*, the *DeMauro* Court highlighted that "abstention doctrines are not 'rigid pigeonholes,' *Pennzoil*, 481 U.S. at 11 n. 9, and the ultimate question is whether there are 'exceptional circumstances' in which abstention 'would clearly serve an important . . . interest.'" (quoting *Colorado River*, 424 U.S. at 813). The *DeMauro* Court held such an important interest was implicated under the circumstances, stating:

> Not only divorce, but the allocation of property incident to divorce, are longstanding local functions governed by state law. *Ankenbrandt*, while curtailing the domestic relations exception, nevertheless made clear the priority given the state resolution of family law issues, including alimony determinations. Divorces are frequently accompanied by disputes about property, including both interim and final allocations. Such state court authority would be threatened if civil RICO actions become the shadow proceeding for policing such disputes.

*Id*. (internal citations omitted).

The *DeMauro* Court ultimately remanded the case to the district court, holding abstention may be appropriate given that the property at issue in the federal action was "the very subject of [the] pending divorce proceeding," and a stay would "reduce the risk of interfering with interim state allocations and permit the court to tailor any final federal judgment to avoid undermining the divorce court's allocation of property." *Id*.

MEMORANDUM DECISION AND ORDER - 14

The First Circuit's ruling in *DeMauro* supports a temporary stay in this case. Just as in *DeMauro*, here the exact same property is at issue in the federal action and the state divorce action.[7] The state divorce court will have to determine whether Evans has been compensated for her half of the proceeds from sale of the Redtop Shares through its garnishment of Hepworth's bank accounts, and whether Evans is entitled to compensation for interest, an additional payment from the sale of the Redtop Shares, and an award of attorney fees. Any judgment from this Court would interfere with the divorce court's decisions on these issues. Further, as Hepworth notes, success in both the Divorce Case and this proceeding could result in double recovery for Evans of the unpaid portion of the Divorce Judgment.

Regardless of whether *Burford* also applies, the Court ultimately determines a stay of this case is appropriate under *Younger*. Where, as here, damages are sought and *Younger* principals apply, "it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending."[8] *Gilbertson*, 381 F.3d at 981 (emphasis in original). "To stay, rather than dismiss, "does not constitute abnegation of judicial duty. On the contrary, it is a wise and productive

---

[7] Pursuant to the Agreement, Evans is entitled to 50% of the funds Hepworth received through sale of the Redtop Shares. Evans suggests, "none of the Redtop Holdings proceeds have been recovered," because she obtained $600,000.00 from "funds Hepworth already had in his bank accounts." Dkt. 39, at n. 2. However, the divorce court garnished Hepworth's bank accounts in order to compensate Evans for her share of the Redtop Holdings proceeds. As long as Evans is compensated for her share of the Redtop Holdings proceeds, it is immaterial whether the money comes from Hepworth's personal accounts or from the sale of the Redtop Shares.

[8] In *Gilbertson*, the Ninth Circuit noted state proceedings "are deemed on-going for purposes of *Younger* abstention until state appellate review is completed." *Id*. at 981 n. 4 (citing *Ohio Civil Rights Comm'n*, 477 U.S. at 629).

discharge of it. There is only postponement of decision for its best fruition." *Id*. at 982 (quoting *Quackenbush*, 517 U.S. at 721)). While the Court is sympathetic to Evans' predicament and certainly does not condone Hepworth's alleged deception, a federal court must abstain where, as here, all four requirements of the *Younger* requirements are met. *San Jose Silicon Valley Chamber of Commerce*, 546 F.3d at 1092.

## V. ORDER

**IT IS HEREBY ORDERED THAT:**

1. This case is STAYED pending final resolution of *Evans v. Hepworth*, Ada County Case Number CV-DW-2015-5437. Once that case is resolved, the parties must file a motion to lift the stay now imposed in this case.

DATED: January 16, 2020

David C. Nye
Chief U.S. District Court Judge