Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email:  mtc@angstman.com

Attorney for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF IDAHO

| | |
|---|---|
| AMY EVANS, an individual,<br><br>                Plaintiff,<br><br> v.<br><br>JAMES HEPWORTH, an individual; MICHELA SWARTHOUT, an individual; SWARTHEP, LLC, a Wyoming limited liability company; HZ GLOBAL, LLC, a Wyoming limited liability company; LUXE IMPORTS, LLC, an Idaho limited liability company; LUXE IMPORTS, LLC, a Montana limited liability company; WANTHUB, INC., a Delaware corporation; TREASURE VALLEY POWDER COATING, LLC, an Idaho limited liability company; MCWORTH PROPERTIES, LLC, a Wyoming limited liability company; YUANCELA, LLC, a Wyoming limited liability company; CLOUD PEAK LAW GROUP, P.C., a Wyoming professional corporation; and DOES 1-10.<br><br>              Defendants. | Case No. 1:19-cv-00380-DCN<br><br>**STATUS REPORT** |

The Plaintiff,   Amy Evans ("Evans"), by and through her counsel of record, ANGSTMAN JOHNSON, files this status report at the request of the Court in this matter.

As the court will recall, the Complaint in this case was filed based on the misappropriation of funds by James Hepworth that were rightfully the property of Evans.  After taking the funds, Hepworth transferred them to the Defendants in this action, who then further dissipated and/or transferred the funds for their own use or to other third parties.  Evans filed this case in order to recover the assets that had been transferred and/or locate the assets that had been purchased or otherwise spent.  Initially, Evans sought an injunction in this case prohibiting further transfers of assets while the case progressed.  Instead of that injunction, the Defendants successfully sought a stay of the proceedings in this case.  Based on the fact that Evans was appealing the interest calculation used by the state court in awarding her judgment against Hepworth, and the fact that the case was originally a divorce case, this Court entered an ordering staying this proceeding "pending final resolution" of the divorce proceeding.

Since the entry of judgment against Hepworth in the divorce proceeding for the amounts owed to Evans as a result of Hepworth's theft of funds[1], Evans has pursued her appeal of the interest calculation used by the state court judge.  (To be clear, no appeal of the actual entry of judgment was made, nor did Hepworth appeal the interest calculated by the state court judge.) That appeal remains pending before the Idaho Supreme Court without a decision being made yet. The outcome of that appeal will be one of two things – either Hepworth owes the judgment and

---

[1] Other judgments have been entered in the state case based on Hepworth's failure to pay required child support and maintenance payments.

STATUS REPORT – Page 2

interest as calculated by the state magistrate judge, or a higher amount of interest is actually owed; a difference of approximately $80,000.00.

Since this case was filed, Evans has not recovered any significant further amounts from Hepworth.  Hepworth has made several small payments on the judgment amount, all of which were applied to interest and accrued expenses – but none of which reduced to the actual principal judgment amount.  The judgment is still owing in the approximate amount of $500,000.00.

Recently, based on the increased real estate values in the Treasure Valley, Evans began a foreclosure proceeding on the real property owned by Hepworth located in Boise, Idaho.  The foreclosure proceeding is for the judgment lien which resulted from entry of the prior judgment by the state magistrate judge.  That foreclosure proceeding remains ongoing.  Other than the foreclosure proceeding, Evans has exhausted all other available avenues for recovery of the judgment amount from Hepworth.

As was outlined in Evans original response to the request for stay, the purpose of this federal proceeding was to recover the assets that had been transferred by Hepworth to other individuals or entities.  Evans is not seeking to recover assets from Hepworth in this proceeding – only from those who benefited and/or participated in his wrongful acts.  Evans fully intends to continue pursuit of those assets in this proceeding[2], at such point as this Court lifts the stay it earlier imposed.

DATED this 24th day of September, 2021.

/s/ Matt Christensen

MATTHEW T. CHRISTENSEN
Attorney for Plaintiff

---

[2] Of course, with the passage of so much time since the original transfers were made, recovery of those assets becomes even more remote and difficult.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of September, 2021, I filed the foregoing STATUS REPORT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Branden M. Huckstep | bmh@angstman.com |
| Brent O. Roche | brent@racineolson.com |
| Kevin Eugene Dinius | kdinius@diniuslaw.com |
| Matthew T. Christensen | mtc@angstman.com |
| Nathan R. Palmer | nathan@racineolson.com |
| Matthew L. Walters | mlw@elamburke.com |
| Sarah Louise Hallock-Jayne | shallockjayne@diniuslaw.com |
| Thomas J. Lloyd, III | tjl@elamburke.com |

Any others as listed on the Court's ECF Notice.


                                        /s/ Matt Christensen
                                        Matthew T. Christensen